IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TORIN SAUCIER                                                                                   PLAINTIFF

V.                                                             CIVIL ACTION NO. 2:17cv18-KS-MTP

LASHAUNDA BUCKHALTER                                                                DEFENDANT

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court following an omnibus and screening hearing of the claims brought by *pro se* prisoner Plaintiff. Having considered the record, Plaintiff's testimony at the omnibus hearing, and the applicable law, the undersigned recommends that this action be dismissed without prejudice.

On February 3, 2017, Plaintiff Torin Saucier, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. Plaintiff is currently housed at the Forrest County Adult Detention Center as a pretrial detainee. On August 3, 2017, the parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge. Plaintiff Saucier appeared *pro se* and Robert Lane Dossett appeared on behalf of LaShaunda Buckhalter.

Plaintiff alleges that on October 1, 2016, he was falsely arrested by Defendant Officer Buckhalter. He asserts that Defendant wrongfully arrested him for possession of drugs. Plaintiff claims that he and his girlfriend were riding in a car with a friend and two other individuals that he did not know personally. He asserts that the car was pulled over for not having a car tag, and that Officer Buckhalter searched the car and found crystal meth. Plaintiff alleges he was sitting in the back seat behind the driver, but the drugs were found in the back seat on the passenger side. He testified that he was not aware the drugs were in the car. Plaintiff claims that Officer

1

Buckhalter asked who the drugs belonged to and no one spoke up to claim them. Plaintiff claims that Buckhalter then arrested him for possession when the she found out that he had a previous conviction for sale of a controlled substance and was on probation. He claims all the others in the car were let go, and he was taken to jail.[1] In this action, Plaintiff is challenging the validity of his arrest for possession of drugs.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court. *Id*. at 489-91. Here, Saucier has not been convicted of a crime. While the rule in *Heck* does not extend to pending criminal matters, a successful § 1983 false arrest action would necessarily imply the invalidity of any future conviction that might result from the drug possession charge and would, therefore, implicate *Heck*. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

Accordingly, the undersigned recommends that the Court dismiss this action without prejudice to Saucier's ability to bring a § 1983 action upon resolution of his criminal case.[2] *See*

---

[1] Plaintiff was jailed at Forrest County Adult Detention Center for around a month and was then released on bond. He was then arrested November 9, 2016, on an unrelated burglary charge and has been incarcerated since. Plaintiff challenges that arrest in *Saucier v Jones, et al*, 2:17cv17-KS-MTP. Plaintiff testified that his trial on that burglary charge is set for November 22, 2017.

[2] The undersigned notes that the Court has the authority to stay this civil action pending the resolution of Saucier's criminal case. *See Wallace*, 549 U.S. at 393-94; *see also Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). However, according to Plaintiff this charge has not been set for trial, and he is currently awaiting a trial on his burglary charge. The undersigned finds and recommends dismissal without prejudice a more efficient use of resources under the circumstances presented. Plaintiff would be free to refile his claims after resolution of his criminal charge for drug possession or if it becomes clear that the State is not going to prosecute him.

*Graham v. Starks*, 2014 WL 1091180 (N.D. Miss. Mar. 19, 2014); *Grimes v. Johnson*, 2016 WL 6892496 (W.D. La. Nov. 22, 2016).

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This 4th day of August, 2017.

s/ Michael T. Parker
United States Magistrate Judge